UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEONARD MANN<br><br>                    Plaintiff(s),<br><br>    -v.-<br><br>ARMC FINANCIAL SERVICES d/b/a GEM RECOVERY SYSTEMS<br><br>                    Defendant. | **Civil Action No:**<br><br>**COMPLAINT** |

Plaintiff Leonard Mann ("Plaintiff" or "Mann") by and through his attorneys, RC Law Group PLLC, as and for its Complaint against Defendant ARMC Financial Services d/b/a Gem Recovery Systems ("Defendant" or "ARMC") respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

2. Plaintiff is a resident of the State of New Jersey, County of Essex, residing at 184 Glenwood Avenue, Apt. 4, East Orange, NJ 07017.

3. Defendant is a debt collector with a mailing address of 99 Kinderkamack Road, Suite 307, Westwood, NJ 07675.

4. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, and on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9. This debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. On or around November 6, 2016, Plaintiff received a collection letter from Defendant.

### *Violation I*

11. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice which must include the following information:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

12. The FDCPA further provides that if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector. 15 U.S.C. § 1692g(b).

13. This letter contains the "G-Notice" but it is completely overshadowed by the earlier paragraphs in the letter.

14. Although a collection letter may track the statutory language, ''the collector nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.'' <u>Russell v. EQUIFAX A.R.S.</u>, 74 F.3d 30, 35 (2d Cir. 1996) (''It is not enough for a debt collection agency simply to include the proper debt validation notice in a mailing to a consumer-- Congress intended that such notice be clearly conveyed.''). Put differently, a notice containing ''language that 'overshadows or contradicts' other language informing a consumer of her rights . . . violates the Act.'' <u>Russell</u>, 74 F.3d at 34.

15. Paragraph three of the collection letter states "Failure to remit payment or a proof of payment will qualify the account for …possible legal action.  If legal action is filed, the attorney will proceed for litigation for i) Principal and interest, ii) court costs, and iii) attorney's fees as allowed by law."

16. Paragraph four of the collection letter states "We encourage you to immediately pay the full balance."

17. This language overshadows the "G-Notice" and coerces the consumer to not exert his rights under the Fair Debt Collection Practices Act.

18. Paragraph three threatens the consumer's validation rights and coerces payment from the consumer by making threats of a lawsuit during the initial thirty-day period.

19. Paragraph four "encourages the consumer to immediately pay the full balance" overshadowing the consumer's thirty day validation period.

### *Violation II*

20. Additionally this letter was mailed in a window envelope.

21. The envelope's window displayed personal and confidential information concerning the Plaintiff, specifically, the account number associated with the debt.

22. The aforementioned information displayed through the window is personal identifying information relevant to the Alleged Debt.

23. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

### FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

25. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(10), 1692f and 1692g .

26. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Leonard Mann demands judgment from the defendant ARMC Financial Services d/b/a Gem Recovery Systems , as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

    d)       A declaration that the Defendant's practices violated the FDCPA; and

    e)       For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
January 27, 2017

           /s/ Yaakov Saks
**RC Law Group, PLLC**
By:  Yaakov Saks, Esq.
285 Passaic Street
Hackensack, NJ 07601
Phone: 201-282-6500
Fax: 201-282-6501
*Attorneys for Plaintiff*