NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **LEONARD MANN,** | : | |
| | : | **Civil Action No. 17-561 (JBC)** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **MEMORANDUM OPINION** |
| | : | |
| **GEM RECOVERY SYSTEMS, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| | : | |

**CLARK, Magistrate Judge**

  **THIS MATTER** comes before the Court on a motion by Plaintiff Leonard Mann

("Plaintiff") seeking attorneys' fees and costs in the amount of $3,157.49 following his

acceptance of an Offer of Judgment from Gem Recovery Systems ("Gem" or "Defendant"). *See*

Dkt. No. 19. Defendant opposes Plaintiff's motion. *See* Dkt. No. 22. For the reasons set forth

below, Plaintiff's motion is **GRANTED in part**.

## I.  BACKGROUND

  Plaintiff filed his Complaint in this matter on January 27, 2017, alleging that Gem

violated the Fair Debt Collection Practices Act ("FDCPA") while attempting to collect a

consumer debt from Plaintiff. *See* Dkt. No. 1. On March 22, 2017, Plaintiff filed an Amended

Complaint. *See* Dkt. No. 3. Plaintiff claims that Gem, a debt collection firm, attempted to collect

on his consumer debt by issuing a collection letter, on or around November 6, 2016, the terms of

which violated the FDCPA. Specifically, Plaintiff claims that in violation of the FDCPA, the

required notice of rights included in the debt letter was overshadowed and contradicted by the subsequent notice of rights, and that the debt letter was mailed in a window envelope that revealed Plaintiff's personal identifying information.

Defendant filed an Answer to Plaintiff's Amended Complaint on May 3, 2017. *See* Dkt. No. 5. On May 30, 2017, Defendant served an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68, which states in relevant part:

> Defendant . . . hereby offers to allow Judgment to be entered against it in this action, as follows: 1. In the amount of $1,001,00, in full satisfaction of the Plaintiff's claims, and 2. For costs incurred to the date of this offer, and 3. For reasonable attorney fees incurred to the date of this offer in an amount to be determined by the Court, or through negotiation.

Dkt. No. 9, Ex. A at p. 1-2.

The parties were unable to settle the issue of Plaintiff's reasonable attorneys' fees and costs and Plaintiff filed the present motion. Plaintiff's present motion seeks $3,157.49 in attorneys' fees and costs. *See* Dkt. No. 19. Defendant filed a Certification in Opposition to Plaintiff's motion arguing that Plaintiff's counsel expended an unreasonable amount of hours on certain tasks, that the hourly rates claimed by Plaintiff are unreasonable and that Plaintiff improperly seeks fees for non-compensable clerical work.

## II.    LEGAL STANDARD

Under the FDCPA, a "debt collector who fails to comply with any provision" of the Act with respect to an individual plaintiff is liable for any actual damages sustained as well as statutory damages as awarded by the court, not to exceed $1,000.00. 15 U.S.C. §§ 1692k(a)(1), (a)(2)(A). A prevailing plaintiff is entitled to recover "'the costs of the action, together with a reasonable attorney's fee as determined by the court.'" *Alexander v. NCO Fin. Sys. Inc.,* No. 11–

401, 2011 WL 2415156, at *2 (E.D. Pa. June 16, 2011) (quoting 15 U.S.C. § 1692k(3)); *see also*

*Graziano v. Harrison,* 950 F.2d 107, 113 (3d Cir. 1991). Under Section 1692k(a)(3), a plaintiff

may be considered a prevailing party if the plaintiff succeeds "on any significant issue in

litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v.*

*Eckerhart,* 461 U.S. 424, 433 (1983) (quotation omitted).

The starting point for the calculation of reasonable attorney's fees "is the number of hours

reasonably expended on the litigation multiplied by a reasonable rate." *Id.* The result of this

calculation is called the lodestar. The lodestar "provides an objective basis on which to make an

initial estimate of the value of the lawyer's services." *Id.* To determine a reasonable hourly rate,

the court should evaluate both the attorney's customary billing rate and the prevailing market

rates in the relevant community. *Missouri v. Jenkins,* 491 U.S. 274, 285 (1989); *Blum v.*

*Stevenson,* 465 U.S. 886, 895 (1984); *Plumbers Union Local No. 690 v. F.P.S. Plumbing, Inc.,*

No. 08–4271, 2009 WL 2603162, at * 1 (E.D. Pa. Aug. 21, 2009) (quoting *Rode v. Dellarciprete,*

892 F.2d 1177, 1183 (3d Cir. 1990)). The market rate is generally based on the rate charged by

attorneys in the region where the case is litigated. *See Pub. Interest Research Grp. of N.J., Inc. v.*

*Windall,* 51 F.3d 1179, 1186–88 (3d Cir. 1995); *Washington v. Phila. Cnty. Ct. of Common*

*Pleas.,* 89 F.3d 1031, 1035 (3d Cir. 1996) (citing *Blum,* 465 U.S. at 895–96 n. 11).

Plaintiff bears the burden "of producing sufficient evidence of what constitutes a

reasonable market rate for the essential character and complexity of the legal services rendered in

order to make out a prima facie case." *Smith v. Phila. Hous. Auth.,* 107 F.3d 223, 225 (3d Cir.

1997). "This burden is normally addressed by submitting affidavits of other attorneys in the

relevant legal community attesting to the range of prevailing rates charged by attorneys with

similar skill and experience." *Wade v. Colaner,* No. 06–3715, 2010 WL 5479625, at * 4 (D.N.J. Dec. 28, 2010). "Thus, the court should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Rode,* 892 F.2d at 1183. Where a plaintiff fails to meet this burden, the court must exercise its discretion in determining a reasonable hourly rate. *Washington,* 89 F.3d at 1036.

## III.  DISCUSSION

Defendant argues that the fees sought by Plaintiff are improper for three reasons. First, Defendant takes issue with the hourly rate used by Plaintiff. Secondly, Defendant asserts that Plaintiff expended an unreasonable amount of hours on certain tasks. Finally, Defendant claims that seeks fees for non-compensable clerical work.

### A. Reasonable Hourly Rate

"'Generally, a reasonable hourly rate is to be calculated according to the prevailing market rates in the relevant community.'" *Plumbers Union Local No. 690,* 2009 WL 2603162, at *1 (quoting *Rode,* 892 F.2d at 1183). The market rate is based on the rate charged by attorneys in the region where the case is litigated. *See Pub. Interest Research Grp. of N.J., Inc.,* 51 F.3d at 1186–88. Plaintiff asserts that his attorneys' hourly rates are reasonable based upon the attorneys' experience. Dkt. No. 19 at p. 10. The rates requested by Plaintiff are $375 per hour for Yaakov Saks, $325 per hour for Rachel B. Drake, and $125 per hour for Administrative Assistant Jenny Padron. *See* Dkt. No. 19, Ex. A.

Plaintiff first asserts that the hourly rates billed in this matter have been found by this Court to be reasonable in other cases litigated by Plaintiff's counsel. Dkt. No. 19 at p. 8-9.

However, in both cases cited by Plaintiff, the Court found that the rates billed were reasonable based upon the defendants' lack of objection to those rates. *See David v. Gem Recovery Systems,* Civ. Action No. 16-8562, Dkt. No. 23 at p. 10; *Clyburn v. Gem Recovery Systems,* Civ. Action No. 17-562, Dkt. No. 21 at p. 8. Accordingly, because Defendant in this matter opposes the rates charged by Plaintiff's counsel, the foregoing cases cited by Plaintiff are inapposite.

Next, Plaintiff claims that the rates billed are reasonable under the fee schedule published by Community Legal Services of Philadelphia ("CLS") which has been determined by courts in the United States District Court for the Eastern District of Pennsylvania to be "an adequate determination of the market rates" in that region. *Navarro v. Monarch Recovery Mgmt. Inc.*, No. CIV.A. 13-3594, 2014 WL 2805244, at *4 (E.D. Pa. June 20, 2014) (citing *Zavodnick v. Gordon & Weisberg, P.C.*, No. CIV. 10-7125, 2012 WL 2036493, at *5-6 (E.D. Pa. June 6, 2012). In addition, the CLS fee schedule has been "cited approvingly by the Third Circuit as fairly reflecting the prevailing rates in Philadelphia." *Brass v. NCO Fin. Sys., Inc.*, No. 11-CV-1611, 2011 WL 3862145, at *4 (E.D. Pa. July 22, 2011), *report and recommendation adopted,* No. CIV.A. 11-1611, 2011 WL 3862069 (E.D. Pa. Aug. 31, 2011); *see also Maldonado v. Houstoun,* 256 F.3d 181, 187 (3d Cir. 2011) (declaring CLS fee schedule to be reliable indication of market rates in relevant communities).

Based upon the Declaration of Mr. Saks, he has been licensed to practice law in the State of New Jersey since 2010. *See* Dkt. No. 19-7, Saks Decl. at ¶ 30. Because there is no indication or statement to the contrary, the Court will assume Mr. Saks has eight years of experience. According to the CLS fee schedule, the average hourly rate for an attorney with 6-10 years of experience is $270-340. *See* Dkt. No. 19, Ex. D. Plaintiff offers no support for the

reasonableness of Mr. Saks' rate of $375, which is in excess of the CLS fee schedule cited by Plaintiff. Accordingly, because Mr. Saks' experience places him on the higher end of the CLS range, the Court finds that an hourly rate of $340 is reasonable.

Ms. Drake has been licensed to practice law in the State of New Jersey since 2006. *See* Dkt. No. 19-8, Drake Decl. at ¶ 3. According to the CLS fee schedule, the average hourly rate for an attorney with 11-15 years of experience is $360-440. *See* Dkt. No. 19 at Ex. D. Because Ms. Drake's hourly rate of $325 is below the average based upon her level of experience, the Court finds it to be reasonable. Because the Court finds that the time billed by Ms. Padron is non-compensable as set forth below, the Court need not address the reasonableness of her hourly rate.

## B. Number of Hours Reasonably Expended on Litigation

The Court now determines whether counsel spent a reasonable amount of hours working on this matter. "'A request for fees must be accompanied by fairly definite information as to hours devoted to various general activities, e.g., partial discovery, settlement negotiations, and the hours spent by various classes of attorneys.'" *Plumbers Union Local No. 690,* 2009 WL 2603162, at *2 (quoting *UAW Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.,* 501 F.3d 283, 291 (3d Cir. 2007)). However, the Supreme Court has determined that a "general subject matter" of time expenditures is sufficient as well. *Hensley,* 461 U.S. at 437 n. 12. When considering a request for attorney's fees, a district court must "'decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those hours that are excessive, redundant, or otherwise unnecessary." *Interfaith Cmty. Org. v. Honeywell Intern., Inc.,* 426 F.3d 694, 710 (3d Cir.2005) (quoting *Public Interest Research Grp.,* 51 F.3d at 1188). "In response to the specific objections made by a party opposing the award of fees and

costs, a court must conduct a 'thorough and searched analysis' to identify charges that should be excluded." *Williams v. NCO Fin. Sys., Inc.*, No. CIV.A. 10-5766, 2011 WL 1791099, at *6 (E.D. Pa. May 11, 2011) (quoting *Evans v. Port Auth. of N.Y. & N.J.,* 273 F.3d 346, 362 (3d Cir. 2001)). In addition, time that could not be billed to a client may not be imposed on an adversary, thus foreclosing recovery for clerical or administrative tasks. *Id.; Pub. Interest Research Grp.,* 51 F.3d at 1188 (3d Cir. 1995).

Defendant objects to several time entries. The Court will now address each contested entry. Defendant first objects to Mr. Saks' entry on January 12, 2017, which billed 1 hour for initial communications with Mr. Mann. *See* Dkt. No. 19, Ex. A. Defendant contends that the billed amount of time "could not be spent on what was a simple, uncomplicated allegation of a simple allegation of an FDCPA violation . . . ." Dkt. No. 22 at ¶ 4. Although this matter may be relatively simple, it does not seem unreasonable for Mr. Saks to have spent 1 hour discussing the specifics and technicalities of Plaintiff's allegations during their initial communication. Accordingly, the Court finds Mr. Saks' time entry from January 12, 2017 to be reasonable. It also appears to the Court that the .50 hours spent by Mr. Saks communicating with his client and discussing the status of the case on May 12, 2017 is reasonable.

Next, Defendant objects to the 1.7 hours billed by Mr. Saks on January 19 and 20, 2017, for the preparation and review of the Complaint. *See* Dkt. No. 19, Ex. A. Defendant argues that because Plaintiff filed three separate actions against Defendant based upon similar allegations, "Mr. Saks is either incredibly inefficient in his office procedures, or the amount of the time alleged is inaccurate." Dkt. No. 22 at ¶ 7. The Court finds that Complaint included sufficient

information specific to Mr. Mann's case, such that Mr. Saks could have reasonably spent 1.7 hours drafting and revising the Complaint.

Defendant next argues that Plaintiff may not recover for time spent in this matter on purely administrative tasks. Such billing entries include time Mr. Saks, Ms. Drake and Ms. Padron spent on "Document/File Management" and "Document/File Management-download documents and prepare summons" because they are "entirely clerical in nature." Dkt. No. 22 at ¶¶ 8, 19. Specifically, Mr. Saks billed .90 hours on January 27, 2017 and .30 hours on March 22, 2017, Ms. Drake billed .40 hours on April 26, 2016, and Ms. Padron billed .30 hours on January 12, 2017 and .20 hours on February 1, 2017 for such tasks. *See* Dkt. No. 19, Ex. A. "Administrative tasks, which are not the type normally billed to a paying client, may not be recovered by a party through a fee petition." *Bilazzo v. Portfolio Recovery Assocs., LLC,* 876 F.Supp.2d 452, 471 (D.N.J. 2012) (quoting *Levy v. Global Credit & Collection Corp.,* No. 10–4229, 2011 WL 5117855, at *6 (D.N.J. Oct. 27, 2011)). Such tasks may include opening a file in a database, mailing letters, copying documents, entering case updates in a management system, calendaring deadlines, confirming court contact information, and talking with a process server or court clerk. *Westberry v. Commonwealth Fin. Sys., Inc.*, No. CIV.A. 11-4387 JEI, 2013 WL 435948, at *5 (D.N.J. Feb. 4, 2013) (citations omitted). Because these tasks seem to be purely administrative, the Court will exclude the 1.2 hours billed.

As to the .90 hours billed by Mr. Saks on March 21, 2017 for the drafting and filing of the Amended Complaint, Defendant claims that the claimed amount is unreasonable as the only change in the Amended Complaint was to correct the name of Defendant. Upon review, the Complaint and Amended Complaint appear identical with the exception of the named Defendant.

Because Plaintiff has not satisfied his burden to establish that this amount of time is reasonable, and offers no responsive explanation as to the time spent amending the Complaint, the .90 hours billed will be excluded from Plaintiff's fee award.

Finally, Defendant argues that .60 hours billed by Mr. Saks to review and analyze Defendant's Answer on May 5, 2017 is unreasonable. *See* Dkt. No. 19, Ex. A. According to Defendant, because "identical" answers were filed in other cases, the amount claimed by Plaintiff is "excessive." Dkt. No. 22 at ¶ 11. It does not appear to the Court that the .60 hours spent on reviewing Defendant's Answer is excessive or unreasonable and, accordingly, the Court will not exclude the billed amount from Plaintiff's fee award.

### C. Total Attorneys' Fees and Costs Awarded

Based upon the reasons set forth above, the following fees are awarded to Plaintiff's counsel:

| Legal Professional | Hours | Hourly Rate | Total |
|---|---|---|---|
| Yaakov Saks | 3.8 | $340 | $1,292 |
| Rachel B. Drake | 1.3 | $325 | $422.50 |
| | | | $1,714.50 |

Plaintiff has also requested $499.99 in costs, to which Defendant does not object. In conclusion, Mr. Mann is entitled to $1,714.50 in attorneys' fees and $499.99 in litigation costs, for a total award in the amount of $2,214.49.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's motion for attorneys' fees and costs is

**GRANTED in part**. The Court awards Plaintiff $1,714.50 in attorneys' fees and $499.99 in

litigation costs, for a total award in the amount of $2,214.49. An appropriate Order accompanies

this Opinion.

Date: July 25, 2018

s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**